UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN PIPER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:11-554 |
| | ) Judge Trauger |
| DOLLAR GENERAL CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss filed by the defendant Dollar General Corporation (Docket No. 10), to which the plaintiff has responded (Docket No. 15). For the reasons discussed herein, the defendant's motion will be denied as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2011, the plaintiff, Karen Piper, filed her Complaint in this court against her former employer, defendant Dollar General. (Docket No. 1.) The plaintiff alleges that, in the Fall of 2008, while working for Dollar General as a Payroll Clerk, she "experienced the sudden, complete, and irreversible loss of sight in her left eye." (*Id.* at 3.) The plaintiff asserts that her loss of sight made her work for the defendant (as a payroll clerk and, subsequently, as a "garnishment specialist") significantly more challenging, as these jobs required the plaintiff "to frequently and regularly view, comprehend, and process electronically stored information on a computer screen." (*Id.*)

The plaintiff also maintains that she repeatedly requested of numerous supervisors a

1

larger computer monitor so, "she would be better able to see the information on the screen and therefore be more efficient and productive performing her job related tasks." (*Id*. at 4.) All of these requests were denied, and the plaintiff's work suffered. (*Id*.) In light of her performance issues, the plaintiff was placed on a "performance improvement plan" in November 2009 and, when her work did not improve, she was terminated on February 16, 2010. (*Id*. at 5-6.)

The plaintiff filed a Charge of discrimination with the EEOC in March 2010, and, after receiving her right-to-sue letter in March 2011, the plaintiff filed her Complaint, asserting a "failure to accommodate" claim under the Americans with Disabilities Act. (*Id*. at 2.) While a bankruptcy was not alluded to in the Complaint, the plaintiff's subsequent application to proceed *in forma pauperis* revealed that she was currently making payments under a Chapter 13 bankruptcy plan. (Docket No. 2 at 5.)

On July 20, 2011, the defendant filed a Motion to Dismiss, arguing that the plaintiff's failure to disclose her claims against the defendant during her bankruptcy proceeding estops her from asserting her claims here. (Docket No. 11.) The defendant filed assorted materials from the plaintiff's bankruptcy case in support of its "judicial estoppel" argument, to demonstrate that, on numerous occasions, the plaintiff had sworn that she did not have any "claims" or "suits" and that she had not updated her bankruptcy filings to reflect her claims in this case. (*See* Docket No. 11 Ex. 1 at 10, 27.)

On August 11, 2011, the plaintiff filed an Amended Complaint, as permitted by Fed. R. Civ. P. 15(a)(1)(B), which allows a plaintiff to file an amended complaint without leave of court within 21 days of the filing of a defendant's Rule 12(b)(6) motion to dismiss. (See Docket No. 14.) While asserting the same substantive disability discrimination claims, the Amended

2

Complaint, in attempting to address the issues raised by the defendant's motion, discusses the bankruptcy proceedings and related developments at length. (*Id.*)

In the Amended Complaint, the plaintiff primarily alleges that she did not understand that she had a potential lawsuit against the defendant until March 2011, more than a year after: (1) she had made the relevant attestations about not having any "suits," (2) the Plan was confirmed, and (3) her EEOC Charge was filed. (Docket No. 14 at 7-9.) Related to this, the plaintiff alleges that she did not know what the purpose of an EEOC Charge was and suggests that she had no idea, at any time prior to the defendant's motion, that she was supposed to disclose her claims against the defendant to the bankruptcy court. (*Id.*) On August 13, 2011, the plaintiff also filed a response to the Motion to Dismiss, supported by filings from the bankruptcy case and affidavits from the plaintiff, her current counsel, and her bankruptcy counsel.[1] (Docket Nos. 15-16.)

The filing of an Amended Complaint under these circumstances generally moots a pending motion to dismiss. *See Ware v. C.R.. Bard, Inc.*, 2007 WL 2463286, *2 (E.D. Tenn. Aug. 28,

---

[1] Much of the plaintiff's response amounts to a policy argument, and it also relies on a considerable amount of non-controlling case law. (*See* Docket No. 15 at 1-7.) To be clear, the court is bound to apply the judicial estoppel analysis as directed by the Sixth Circuit, which has provided considerable guidance on this issue. In its most recent elucidation of the standard for analyzing a judicial estoppel argument in this context, the court summarized the test as follows: "In short, to support a finding of judicial estoppel, we must find that: (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence. In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether: (1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, we will look, in particular, at [the plaintiff's] 'attempts' to advise the bankruptcy court of her omitted claim." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010).

2007); *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007)(collecting cases). Only in the rare case, where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 2009 WL 3029661, *4 (S.D. Ohio Sept. 16, 2009). Here, clearly, the Amended Complaint is not "substantially identical" to the original Complaint, as it contains considerable detail regarding the plaintiff's bankruptcy, all of which is designed to parry the defendant's judicial estoppel argument. Whatever the merit of these assertions in the Amended Complaint and the plaintiff's related argument in its response to the defendant's motion, the filing of this Amended Complaint moots the Motion to Dismiss.

The Motion to Dismiss filed by the defendant Dollar General Corporation (Docket No. 10) is **DENIED AS MOOT**. While the defendant may, of course, assert a Motion to Dismiss the Amended Complaint, the court suggests that, given the extrinsic material submitted by the plaintiff in response to the motion, a judicial estoppel challenge here may only be effectively asserted as a motion for summary judgment. Fed. R. Civ. P. 12(d); *White*, 617 F.3d at 475 (noting that the district court converted a motion to dismiss on judicial estoppel grounds into a motion for summary judgment).

It is so Ordered.

Enter this 16th day of August 2011.

_____
ALETA A. TRAUGER
United States District Judge